UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TACHITTA ELEEN TERENS,

        Plaintiff,

      v.                                  Case No. 20-C-1762

THE NATIVES, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Tachitta Terens, proceeding *pro se*, has filed a complaint against a large and diverse list of defendants, claiming that they violated her rights in various ways. Plaintiff seeks to proceed without prepaying the full filing fee (*in forma pauperis*), pursuant to 28 U.S.C. § 1915. An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability to "pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of Plaintiff's affidavit, the court concludes that Plaintiff lacks sufficient income and/or assets to pay the filing fee. However, in screening the complaint, the court has determined that it is frivolous and does not state a cognizable federal claim. The complaint will therefore be dismissed.

### SCREENING OF THE COMPLAINT

28 U.S.C. § 1915(e) directs district courts to screen all complaints with requests to proceed *in forma pauperis* and dismiss any actions that are frivolous, malicious, or fail to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir.

2013). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Plaintiff makes a series of seemingly unrelated, and in some cases incredible, claims. She alleges that Google, police officers, and unnamed other persons did "unspeakable things" to her because "a house got taken away." FEMA and "BIS" put her through litigation through phones

2

and computers by stealing her intellectual property starting in 2018. Google also allegedly made her take crystal meth and then refused to let her get healthcare, instead forcing her into the Brown County Treatment Center for almost a year. At the same time, Google stole her copyright and intellectual property. Another defendant was allegedly paid to rape her. Another unnamed defendant, possibly Google as well, has been stalking, harassing, and terrorizing her and her family for at least 12 years. Several other defendants, including possibly Samsung and AT&T, stole her telephone and her intellectual property and also committed identity theft. Another person told her she talked too much. Still another stole evidence of some sort. The police would not take her identity theft report. Finally, the "entire town" violated her right to a fair trial, right to social security, right to property, and right to privacy.

## ANALYSIS

The complaint violates Rule 8 of the Federal Rules of Civil Procedure because it does not provide a short and plain statement giving notice to potential defendants of how, when, and where they potentially violated the plaintiff's rights. Outside of the claims that FEMA started stealing her intellectual property starting in 2018 and some unidentified parties have been harassing her and her family for 12 years, Plaintiff gives no timeline, location, or context for these claims. For the most part, she also fails to give any detail of exactly who did what. "Dismissal of a complaint is appropriate if 'the factual detail . . . [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011). When a complaint is unintelligible, it is not an abuse of discretion to dismiss it. *Id*. In *Srivastava*, the plaintiff sued more than 70 defendants, including the governor, state and federal judges, a bank, and others, alleging various theories of recovery. *Id*. at 954. Here, we have a much shorter, but still largely incoherent complaint that seems to

incorporate an apartment complex, the entire town, the police, several specific individuals, at least one federal agency, and several large corporations as defendants, and allegations of harms that appear to involve a stolen telephone, as well as rape, forced drug use, forcible detention, and infringement of her social security, property, and privacy rights.  The court will not try to pick through the various threads to try to discover whether any allegations have merit, because, as written, the complaint is just a list of "the-defendant-unlawfully-harmed-me" accusations and includes insufficient factual matter to state any sort of claim that is plausible on its face.  *See Twombly*, 550 U.S. at 570, 578.  As in *Srivastava*, the complaint here is unintelligible and will be dismissed accordingly.

Additionally, although leave to amend a first complaint is typically freely given, the court will not grant Plaintiff leave to amend this complaint.  "As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading. . . . A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (quotations and citations omitted).  Although the court does not doubt the earnestness of Plaintiff's concerns, it sees no potential for the complaint to be cured on amendment because the current complaint includes no plausible federal causes of action, even under the most generous reading.  *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) ("Where it is clear that the defect cannot be corrected so that amendment is futile, it might do no harm to deny leave to amend and to enter an immediate final judgment, just as when an amendment has been unduly delayed or would cause undue prejudice to other parties.").  Plaintiff's motion for an emergency

hearing (Dkt. No. 4), while reiterating her claims against Google and her neighbors, sheds no more favorable light on the possible validity of her underlying claims. The motion also appears to be requesting relief that the court cannot provide, namely protection from harassment by those same defendants. Some of Plaintiff's allegations, if better clarified and fleshed out, may yet support possible actions under state law, but she has identified no credible claims under the Constitution or federal law.

**IT IS THEREFORE ORDERED** that this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), any appeal to this dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an emergency motion (Dkt. No. 4) is **DENIED** as moot.

Dated at Green Bay, Wisconsin this  4th  day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge